IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA ANN-MARIE CLARK and ROBERT NICHOLAS CLARK, II, Individually and on Behalf of G.C., a Minor Child | PLAINTIFFS |
| v. | CAUSE NO. 1:22CV105-LG-RPM |
| BP EXPLORATION & PRODUCTION INC.; BP AMERICA PRODUCTION COMPANY; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS LLC; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; and HALLIBURTON ENERGY SERVICES, INC. | DEFENDANTS |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND OBJECTIONS TO ORDER DENYING PLAINTIFFS' <u>MOTION TO EXTEND DEADLINES</u>**

**BEFORE THE COURT** is the [99] Motion for Reconsideration and Objections to Order Denying Plaintiffs' Motion to Extend Deadlines filed by Plaintiffs Jessica Ann-Marie Clark and Robert Nicholas Clark, II, Individually and on behalf of G.C., a Minor Child (hereafter collectively referred to as "the Clarks"). The Clarks seek review pursuant to Fed. R. Civ. P. 72 of Magistrate Judge Robert P. Myers' [95] Order denying their second [73] Motion to Extend Case Management Deadlines. Defendants filed responses in opposition to the instant Motion, but the Clarks did not file a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Clarks' Motion should be denied.

## BACKGROUND

On September 21, 2021, the Clarks filed this lawsuit alleging that their minor child, G.C., suffered injuries after being exposed as a newborn, infant, and toddler to "oil, other hydrocarbons, dispersants, pollutants, and other Toxic Substances due to the Deepwater Horizon Oil Spill, which occurred on or about April 20, 2010." (Compl. at 2, ECF No. 1). The alleged exposure occurred when G.C.'s father, Plaintiff Robert Nicholas Clark, II, would hold G.C. immediately after returning from performing oil-spill-related clean-up work between April and August of 2010. (*Id.* at 17). Plaintiff Jessica Ann-Marie Clark would also wash the newborn G.C.'s clothing with Robert's clothes, "which still smelled of substances before washed." (*Id.*) Finally, the Clarks state that G.C. was further exposed to oil and other harmful chemicals when he "frequented beaches and waters in and around the Gulf throughout 2010, 2011, and thereafter." (*Id.* at 18). The Clarks assert that G.C. developed leukemia and other medical conditions as a result of the exposure. (*Id.* at 21-22).

The Clarks' case was originally part of the multi-district litigation pending before Judge Carl J. Barbier in the United States District Court for the Eastern District of Louisiana, but it was severed as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. After severance, the case was transferred to this Court on April 25, 2022. This Court's initial [41] Case Management Order provided that the Clarks must designate their expert witnesses by January 3, 2023,

and all discovery should be completed by May 3, 2023. On December 30, 2022, the Clarks filed their first [44] Motion for an Extension of the Case Management Deadlines, in which they sought a ninety-day extension. The Clarks argued that they particularly needed additional time to designate experts witnesses because BP and other parties from whom they were attempting to obtain discovery obstructed the Clarks' efforts, causing delay.

On March 27, 2023, Judge Myers granted the Clarks' first [44] Motion to Extend and entered an amended scheduling order extending the Clarks' expert designation deadline to April 13, 2023, and the discovery deadline to August 3, 2023. The Clarks filed a second [73] Motion to Extend Deadlines on April 13, 2023, which was denied by Judge Myers on June 20, 2023. (Order, ECF No. 95). The Clarks now seek review of that decision.

## DISCUSSION

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citing Fed. R. Civ. P. 72(a); 28 USC § 636(b)(1)(A)). A factual finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 319 (5th Cir. 2020) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). The magistrate judge's legal conclusions are reviewed de novo. *Moore*, 755 F.3d at 806.

The Clarks argued that they "were ambushed after the first Motion to Extend was granted as the Clarks' Counsel only had two weeks to proffer experts [sic] disclosure[s] within [the] remaining time frame of the first extension." (Pls.' Mem. at 3, ECF No. 100). They further claim that Judge Myers erred in relying on an Order entered in a similar case before this Court, *Tucei v. BP Exploration & Production Inc., et al.*, 1:22cv78-HSO-BWR, when denying the Clarks' second Motion to Extend.

The Clarks claim that the *Tucei* case is distinguishable from the instant case because the period of time between the filing of Mr. Tucei's motions and the Court's orders in that case was shorter in *Tucei* than in the present case. Specifically, Mr. Tucei's first [33] Motion was filed on December 2, 2022, and granted by Magistrate Judge Bradley W. Rath forty-eight days later, on January 19, 2023, thus extending Mr. Tucei's expert designation deadline to April 13, 2023. (Order, *Tucei*, 1:22cv78-HSO-BWR, ECF No. 38; Text Only Amended Case Management Order (Jan. 20, 2023)). [1] Meanwhile, Judge Myers granted the Clarks' Motion eighty-seven days after it was filed and imposed a new expert designation deadline of April 13, 2023, which, according to the Clarks left them "an unreasonable deadline of little over two weeks." (Pls.' Mem. at 4, ECF No. 100). The Clarks classify the extension Judge Myers granted as an "extension in name only." (*Id.*) The Clarks claim they "would

---

[1] A Stipulation of Dismissal was entered in *Tucei* on June 14, 2023, soon after Judge Rath denied Mr. Tucei's request for a second extension.

not have needed to file a second motion if not for the unreasonably tight two-week timeframe to proffer expert disclosure." (*Id.*)

The Clarks further argue that the *Tucei* case is distinguishable because Mr. Tucei was an adult who was allegedly exposed by living in the vicinity of the oil spill clean-up activities while G.C. was an infant exposed through direct contact with his father's soiled clothing. The Clarks also note that all of the oil spill cases are scientifically complex and that other courts have granted extensions in similar circumstances, including *Hoffman v. BP Exploration & Production Inc.*, et al., No. 22-0327-JB-MU (S.D. Ala. June 30, 2023).

In order to determine whether Judge Myers' decision should be overturned, the Court must first consider Fed. R. Civ. P. 16(b)(4), which provides that a scheduling order may be modified "only for good cause and with the judge's consent." The party seeking an extension must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). The four factors relevant to a determination of good cause are "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020).

Judge Myers relied on the following reasoning in *Tucei* when denying the Clarks an additional extension:

> Tucei's explanation for a second ninety-day extension is essentially the same explanation he provided when requesting the first 90-day extension.  He wants additional time to obtain documents from nonparties, proceed with Rule 30(b)(6) depositions using those documents, and incorporate that evidence into his expert reports.  [42] at 4-8.  Under Tucei's preference, the end of discovery would be indeterminate. But there is no indication from Tucei's Motion that any expert has even begun to analyze his specific claims.  He does not offer a timeline for when he believes that his expert reports would be complete.  *See Norton v. BP Expl. & Prod. Inc.*, No. 121-cv-71-HSO-JCG, 2021 WL 4955198, at *2 (S.D. Miss. Sept. 27, 2021) (finding first factor weighed against the plaintiff under similar circumstances). "Plaintiff's Motion is not supported by an affidavit addressing the status or substance of [his] proposed experts' ongoing work, or even the identity of these experts." *Id.*  The first factor weighs against Tucei.

Order, No. 1:22cv78-HSO-BWR at 4-5 (ECF No. 59).  Although the Clarks were aware that Judge Myers relied on this reasoning when they filed the present Motion for Review, they have yet to address any of these concerns.[2]

In addition, as in *Tucei*, the second factor weighed against granting the Clarks an extension because the Clarks failed to demonstrate the importance of the extension.  Although summary judgment will likely be granted absent expert testimony concerning causation, the Clarks have not demonstrated that further extensions will yield expert testimony that will enable them to establish causation.  *See Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996) (holding that, in toxic tort cases, "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case");

---

[2] The Clarks filed an expert declaration in support of their separate [101] Fed. R. Civ. P. 56(d) Motion, but the declaration does not discuss any work done pertaining to the Clarks' claims.  (Declaration, ECF No. 102-2).

*Vickers v. BP Expl. & Prod. Inc.*, No. 1:21CV106-LG-RPM, 2023 WL 3379004, at *3 (S.D. Miss. May 8, 2023) ("B3 Plaintiffs in BP oil spill cases 'must prove, at a minimum, that exposure to a certain level of a certain substance for a certain period of time can cause a particular condition in the general population.'") (citation omitted). Finally, as this Court has previously found in other oil spill cases, repeated additional extensions of time would result in delay and expense that would prejudice Defendants, and a continuance would not cure that prejudice. As a result, the third and fourth factors weighed against granting the Clarks an additional extension.

The Clarks' criticism of the timing of Judge Myers' Order is also not well-taken. Discovery in this case has been performed by the Clarks' counsel using an "umbrella discovery process" that includes numerous cases including *Tucei*. (*See* Order at 3, *Hoffman*, No. 22-0327-JB-MU (S.D. Ala. June 30, 2023) (discussing the "umbrella discovery process")). There is no indication that this discovery process ceased while the Clarks were awaiting a ruling from Judge Myers, and the Clarks have not explained how the timing of his ruling, which essentially granted the Clarks more time than they requested in their Motion, could have hindered their ability to obtain the discovery necessary to designate experts.

Furthermore, the Clarks have provided no support for their assertion that they "would not have needed to file a second motion if not for the unreasonably tight two-week timeframe to proffer expert disclosure," and it remains unclear exactly how much time the Clarks want or need. (Pls.' Mem. at 4, ECF No. 100). In fact,

the Clarks' separate [101] Fed. R. Civ. P. 56(d) Motion, which was filed on July 11, 2023, indicates the opposite because the Clarks discuss their alleged, continued need to conduct additional discovery that "would be necessary for Plaintiffs' experts to finalize their expert opinions and to properly and sufficiently rebut BP's scientific defenses." (Decl. of Counsel at 4, ECF No. 102-3).

Most of the plaintiffs in the thirteen cases now cited by the Clarks, who appear to be represented by the same counsel, have yet to designate an expert witness even though eight months have now passed since the filing of the Clarks' first Motion for an Extension.[3] Further weakening the Clarks' arguments, subsequent extensions were denied in some of the cases they cite. (*See, e.g.,* Order [55], *Clemmons v. BP Expl. & Prod., Inc., et al.*, No. 1:22cv246-JB-MU (S.D. Ala. June 20, 2023); Order [31], *Rodriguez v. BP Expl. & Prod., et al.*, No. 2:21cv1724

---

[3] In addition to Judge Myers and Judge Rath's prior Orders in the present case and *Tucei*, respectively, the Clarks cite *Hoffman v. BP Exploration & Production, Inc., et al.*, No. 1:22cv327-JB, MU (S.D. Ala. June 30, 2023); *King v. BP Exploration & Production, Inc., et al.*, No. 1:22cv437-JB-MU (S.D. Ala. June 26, 2023); *Colston v. BP Exploration & Production, Inc., et al.*, No. 1:22cv422-TFM-MU (S.D. Ala. May 26, 2023); *Recasner v. BP Exploration & Production, Inc., et al.*, No. 2:22cv485 (E.D. La. May 1, 2023); *Boggs v. BP Exploration & Production, Inc., et al.*, No. 2:16cv13476 (E.D. La. March 9, 2023); *Rubi v. BP Exploration & Production, Inc., et al.*, No. 1:22cv247-TFM-MU (S.D. Ala. March 3, 2023); *Ruffin v. BP Exploration & Production, Inc., et al.*, No. 2:20cv334 (E.D. La. Feb. 27, 2023); *Clemons v. BP Exploration & Production, Inc., et al.*, No. 1:22cv246-JB-MU (S.D. Ala. Feb. 9, 2023); *Culliver v. BP Exploration & Production, Inc., et al.*, No. 3:21cv4942-MCR-HTC (N.D. Fla. Feb. 7, 2023); *Guerrero v. BP Exploration & Production, Inc., et al.*, No. 8:20cv263-SCB-JSS (M.D. Fla. Feb. 8, 2023); *Boggs v. BP Exploration & Production, Inc., et al.*, No. 2:16cv13476 (E.D. LA Dec. 13, 2022); *Hernandez v. BP Exploration & Production, Inc., et al.*, No. 2:21cv752 (E.D. LA. Dec. 19, 2022); and *Rodriguez v. BP Exploration & Production, Inc., et al.*, No. 2:21cv1724 (E.D. LA Dec. 19, 2022).

(E.D. La. Dec. 19, 2022)). For example, in one of the cases that the Clarks cite, a second extension of time was granted with the following caveat:

> This case has been pending long enough and it is time for the case to get on a path to resolution. The Court is not inclined to enter a third extension, only to see a fourth, fifth, and sixth on the horizon. While this case has only been pending since August 2021, these BELO cases have been in the courts for 8 years. Counsel on both sides are well aware of the issues in the case and their respective burdens. Thus, as the Court advised all counsel at the hearing, absent exigent circumstances, the undersigned will not grant any additional extensions. Exigent circumstances are not those that are of the parties' or counsel's own making.

(Order [88], *Culliver v. BP Expl. & Prod., Inc., et al.*, No. 3:21cv4942 (N.D. Fla. Feb. 7, 2023)). When counsel failed to heed the Florida court's warning and sought a third extension, the request was denied. (Orders [105, 107], *Culliver*, No. 3:21cv4942 (N.D. Fla. Apr. 21, 2023, May 11, 2023)). The present case appears to be on the same path of repeated requests for extensions that yield little or no progress in moving the case towards resolution. As a result, the Clarks' Motion seeking review of Judge Myers' Order denying their second Motion for an Extension is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [99] Motion for Reconsideration and Objections to Order Denying Plaintiffs' Motion to Extend Deadlines filed by Plaintiffs Jessica Ann-Marie Clark and Robert Nicholas Clark, II, Individually and on behalf of G.C., a Minor Child, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE