IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA ANN-MARIE CLARK and ROBERT NICHOLAS CLARK, II, Individually and on Behalf of G.C., a Minor Child | PLAINTIFFS |
| v. | CAUSE NO. 1:22CV105-LG-RPM |
| BP EXPLORATION & PRODUCTION INC.; BP AMERICA PRODUCTION COMPANY; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS LLC; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; and HALLIBURTON ENERGY SERVICES, INC. | DEFENDANTS |

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO DENY OR DEFER BRIEFING

**BEFORE THE COURT** are: the [49] Motion for Summary Judgment filed by BP America Production Company and BP Exploration & Production Inc. (hereafter collectively referred to as "BP"); the [55] Motion for Summary Judgment filed by Halliburton Energy Services, Inc.; the [57] Motion for Summary Judgment filed by Transocean Deepwater, Inc., Transocean Holdings LLC, and Transocean Offshore Deepwater Drilling, Inc. (hereafter collectively referred to as "Transocean"); the [96] Renewed Motion for Summary Judgment filed by BP; the [97] Renewed Motion for Summary Judgment filed by Transocean; the [98] Renewed Motion for Summary Judgment filed by Halliburton, and the [101] Motion to Deny of Defer Briefing on, and Response in Opposition to Motion for Summary

Judgment filed by Plaintiffs Jessica Ann-Marie Clark and Robert Nicholas Clark, II, individually and on behalf of G.C., a minor child (hereafter collectively referred to as "the Clarks"). After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Clarks' Motion to Deny or Defer Ruling on Defendants' pending Motions should be denied, and Defendants' Motions for Summary Judgment should be granted.

## BACKGROUND

On September 21, 2021, the Clarks filed this lawsuit alleging that their minor child, G.C., suffered injuries after being exposed as a newborn, infant, and toddler to "oil, other hydrocarbons, dispersants, pollutants, and other Toxic Substances due to the Deepwater Horizon Oil Spill, which occurred on or about April 20, 2010." (Compl. at 2, ECF No. 1). The alleged exposure occurred when G.C.'s father, Plaintiff Robert Nicholas Clark, II, would hold G.C. immediately after returning from performing oil-spill-related clean-up work between April and August of 2010. (*Id.* at 17). The clothing Robert was wearing while holding G.C. was "saturated" in the above-described chemicals. (*Id.*) The exposure allegedly lasted for hours, five days a week since Robert fell asleep while holding G.C. each evening after work. (*Id.*)

Plaintiff Jessica Ann-Marie Clark would also wash the newborn G.C.'s clothing with Robert's clothes, "which still smelled of substances before washed." (*Id.*) The Clarks claim that Defendants should have warned Robert to immediately change his chemical-saturated clothing upon returning home from work and before

touching his family. (*Id.*) They also assert that Defendants should have warned Robert to ensure that his soiled clothing would not be washed with the clothing of other family members. (*Id.* at 18). Finally, the Clarks state that G.C. was further exposed to oil and other harmful chemicals when he "frequented beaches and waters in and around the Gulf throughout 2010, 2011, and thereafter." (*Id.* at 18). The Clarks assert that G.C. developed leukemia and other medical conditions as a result of the exposure. (*Id.* at 21-22).

The Clarks' case was originally part of the multi-district litigation pending before Judge Carl J. Barbier in the United States District Court for the Eastern District of Louisiana, but it was severed as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. After severance, the case was transferred to this Court on April 25, 2022. This Court's initial [41] Case Management Order provided that the Clarks must designate their expert witnesses by January 3, 2023, and all discovery should be completed by May 3, 2023. On March 27, 2023, Judge Myers granted the Clarks' first [44] Motion to Extend those deadlines and entered an amended scheduling order extending the Clarks' expert designation deadline was extended to April 13, 2023, and extending the discovery deadline to August 17, 2023. The Clarks filed a second [73] Motion to Extend Deadlines on April 13, 2023, which was denied by Judge Myers on June 20, 2023. (Order, ECF No. 95). The Clarks then sought review of that denial by the undersigned, which was denied.

Defendants seek summary judgment due to the Clarks' failure to timely designate expert witnesses related to causation, while the Clarks ask the Court to either defer ruling on or deny Defendants' Motions due to the Clarks' requests for extensions of the Case Management Order deadlines.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact, and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Furthermore,

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;

> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted).

> Nevertheless, non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Instead, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

*Id.* (internal quotation marks and citations omitted).

Defendants seek summary judgment on the basis that the Clarks cannot establish causation as required in this toxic tort case without expert testimony. The Fifth Circuit has held:

> There is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.

*Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Id.* "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a

toxic tort case." *Allen*, 102 F.3d at 199. "A plaintiff in such a case cannot expect lay fact-finders to understand medical causation; expert testimony is thus required to establish causation." *Seaman v. Seacor Marine L.L.C.*, 326 F. App'x 721, 723 (5th Cir. 2009).

In support of their request for Rule 56(d) relief, the Clarks have produced a declaration from one of their attorneys, in which he testifies that the Clarks need additional documents and evidence from third-parties Exponent, ChampionX/NALCO, and Battelle, as well as additional time to review the voluminous documents produced. (Dec. at 3, ECF No. 102-3). He further states that the Clarks "anticipate[ ] the documents uncovered through this process to be crucial to the theory of [their] case." (*Id.* at 4). He generally opines that the pending discovery is "material and relevant." (*Id.*)

The Clarks have also produced a declaration signed by Dr. Ranajit (Ron) Sahu, Ph. D., an environmental, energy, and engineering consultant. Dr. Sahu opines:

> It is important to obtain the relevant information that is available about the complex mixtures of crude oil and oil dispersants from BP's contractors like Exponent and CTEH since their data is directly relevant to reconstructing the environments that response workers were exposed to. These opinions will be used by subsequent plaintiffs['] experts to determine the exceedances of relevant harmful levels of various pollutants and address BP's experts' willfully ignorant use of the data without consideration for their context, limitations and shortcomings.

(Decl. at 3, ECF No. 102-2). Dr. Sahu's declaration appears to discuss specific causation for oil spill clean-up workers, not general causation. He also does not

address exposure with a worker's clothing, which is the pertinent issue in the present case.

The Clarks have only generally asserted that additional discovery is "crucial" to the theory of the Clarks' case, but they have not explained how alleged deficiencies in BP's testing methods would tend to show that the oil and other chemicals caused G.C.'s medical problems. This is insufficient to warrant an extension under Rule 56(d).

In addition, this Court has determined in a separate Order that Magistrate Judge Robert P. Myers did not err in denying the Clarks' request for additional time to designate expert witnesses. Thus, the Clarks cannot establish the required element of causation to support their claims. Defendants are entitled to summary judgment, and the Clarks' claims must be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that [101] Motion to Deny of Defer Briefing on, and Response in Opposition to Motion for Summary Judgment filed by Plaintiffs Jessica Ann-Marie Clark and Robert Nicholas Clark, II, Individually and on behalf of G.C., a Minor Child, is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [49] Motion for Summary Judgment filed by BP America Production Company and BP Exploration & Production Inc., the [55] Motion for Summary Judgment filed by Halliburton Energy Services, Inc., the [57] Motion for Summary Judgment filed by Transocean Deepwater, Inc., Transocean Holdings LLC, and Transocean Offshore Deepwater Drilling, Inc., the [96] Renewed Motion for Summary Judgment filed by BP, the [97]

Renewed Motion for Summary Judgment filed by Transocean, and the [98] Renewed Motion for Summary Judgment filed by Halliburton are **GRANTED**. This lawsuit is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 56. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

  **SO ORDERED AND ADJUDGED** this the 7th day of August, 2023.

              s/ *Louis Guirola, Jr.*
              LOUIS GUIROLA, JR.
              UNITED STATES DISTRICT JUDGE